# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **TRUEPOINT COMMUNICATIONS LLC,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:18-CV-3381-L** |
| **UNIQUE BEVERAGE COMPANY, LLC,** | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiff TruePoint Communications, LLC's ("TruePoint" or "Plaintiff") Motion for Entry of Default Judgment (Doc. 15), filed March 15, 2019; and Defendant Unique Beverage Company, LLC's ("Unique" or "Defendant") Motion to Set Aside Entry of Default (Doc. 22), filed March 27, 2019. The court **determines** that it cannot rule on these motions because subject matter jurisdiction over this action is lacking. Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. For the reasons herein set forth, the court **remands** this action to the 116th Judicial District Court of Dallas County, Texas.

**I.    Background**

On December 21, 2018, Unique removed this action to federal court. Unique contends that complete diversity of citizenship exists between the parties and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. Initially, Unique did not set forth the necessary allegations to establish its citizenship and the citizenship of TruePoint. To ensure that jurisdiction existed to entertain this action, on February 15, 2019, the court ordered Unique to file an amended

**Memorandum Opinion and Order – Page 1**

Notice of Removal addressing the pleading deficiencies identified by the court by March 15, 2019. Unique complied, and filed Defendant Unique's Beverage Company, LLC's Amended Notice of Removal (Doc. 8) on February 27, 2019. The Amended Notice sufficiently set forth allegations establishing that the parties are completely diverse. Also, Unique submitted "evidence" that it contends establishes that the amount-in-controversy requirement has been met. For the reasons that follow, the court disagrees.

## II. Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

**Memorandum Opinion and Order – Page 2**

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). Unique has met its burden and established that the parties are completely diverse, as Plaintiff and Defendant are citizens of different states. Unique, however has not met the second prong, that is, whether the amount in controversy exceeds the jurisdictional threshold of $75,000.

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (citation omitted); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.

**Memorandum Opinion and Order – Page 3**

1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995).

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554. Further, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* Although TruePoint does not question the amount-in-controversy requirement, the court does so because it has an independent duty at every stage of the litigation to determine whether it has subject matter jurisdiction over an action. *Marathon Oil*, 526 U.S. at 583. Moreover, subject matter jurisdiction cannot be created by consent of the parties. *Howery*, 243 F.3d at 919.

In a removed case, when the complaint or pleading does not state a specific amount of damages and the allegations are challenged by the plaintiff or questioned by the court, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. In such cases, "[t]he preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes omitted). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *St. Paul Reinsurance*, 134 F.3d at 1253 n.13. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed

the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* at 1253. If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish "to a legal certainty" that his recovery will not exceed the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

### III. Analysis

Unique informs the court that "[t]his lawsuit is more than just a simple breach of contract case," and cites the Affidavits of Mr. Joe Hochman and Ms. Lindsay Nickle to support this statement. The court disagrees with Unique's position.

Plaintiff's Original Petition ("Petition") (Doc. 1-3) seeks damages of only $14,438.76 and seeks this amount by pleading claims for breach of contract, suit on sworn account, and quantum meruit. TruePoint merely seeks less than $15,000 and contends that there are three alternative theories under which it can recover. TruePoint is not seeking three times this amount, as its pleadings clearly state that only $14,438.76 is owed to it by Defendant.

**Memorandum Opinion and Order – Page 5**

Under Texas law, "[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff' (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citation omitted). To prevail on a claim for quantum meruit, a plaintiff must establish that:

> (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; and (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged.

*Vortt Expl. Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990).

Finally, the elements necessary to prevail on a claim for suit on sworn account are: "(1) a sale and delivery of goods or services, (2) the charges on the account are just, *i.e.*, the prices are charged in accordance with an agreement or, in the absence of an agreement, are the usual, customary and reasonable prices for that good or service; and (3) the amount remains unpaid." *Andrews v. East Texas Med. Ctr.-Athens*, 885 S.W.2d 264, 266 (Tex. App.—Tyler 1994, no writ). As is obvious, there is significant factual overlap regarding TruePoint's three theories of recovery, which necessarily reduces the amount of time to develop each theory.

Plaintiff also asserts a claim for declaratory judgment and requests the court to define the rights and obligations of the parties. No amount of damages is asserted or sought by TruePoint regarding its request for a declaratory judgment.

The final claim by TruePoint is that for attorney's fees, and this is where Defendant contends that TruePoint would reasonably incur fees of $75,050 through the conclusion of trial.[1] Aff. of Lindsay B. Nickle 3. The bases of this Affidavit are flawed in several respects and are not predicated on a reasonable estimate of the attorney's fees that Plaintiff is likely to incur.

First, notwithstanding Defendant's contentions to the contrary, this is a simple straightforward case seeking less than $15,000, and the court finds it unrealistic that Plaintiff would incur the high amount of estimated attorney's fees. The total number of hours set forth in Ms. Nickle's Affidavit is 300—115.5 for Ms. Nickle, 154.5 for an associate, and 30 for a paralegal. Ms. Nickle's hourly rate is $325; the associate's hourly rate is $225; and the paralegal's hourly rate is $125.

Second, the undersigned has made hundreds of awards in all kinds of cases in the 21 years that he has served as a federal judge and is thoroughly familiar with the hourly rates attorneys charge in the Dallas legal market and how cases are handled. This simply is not the type of case that requires such a substantial amount of time that it has to be closely supervised by a partner. It is customary for this type of case to be handled by an associate with a modicum of supervision by a partner or senior associate. Thus, from the onset, the amount of time attributed to Ms. Nickle is significantly overstated.

Third, with respect to attorney's fees, there are 16 hours attributed to a response to a motion to remand—six and one-half for Ms. Nickle, eight and one-half for an associate, and one for a paralegal—that account for $4,150. There are 30 hours listed—ten for Ms. Nickle and 20 for an

---

[1]Attorney's fees that are allowed by statute may be used to determine the amount in controversy. *H&D Tire & Auto. - Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000). Plaintiff seeks attorney's fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.

**Memorandum Opinion and Order – Page 7**

associate—to respond to Defendant's defenses, the basis of which have not been adequately set forth because Unique has not filed an answer or a responsive pleading. It has set forth no counterclaims or affirmative defenses by way of an answer. The court simply cannot determine the reasonableness of this estimate because of the paucity of information supporting it. Moreover, in one filing, Unique states that this suit is on a contract that expired on December 31, 2014. Jt. Status Report & Disc. Plan 1. If the contract has expired, there is little need to conduct extensive discovery and no need to go to trial. The matter should be disposed of by summary judgment, and the Affidavit of Ms. Nickle includes a total of 24 hours for summary judgment—five for Ms. Nickle, 18 for an associate, and three for a paralegal. If the case were disposed of by summary judgment, the 68 hours claimed for trial (30 each for Ms. Nickle and an associate, and eight for a paralegal) would result in $17,500 in fees that must be excluded from the amount-in-controversy determination.

Finally, there are simply too many uncertainties regarding the amount of attorney's fees, and the court is not convinced that the amount in controversy exceeds $75,000. Generously speaking, the reasonable attorney's fees in this case, would not exceed $50,000, which would put the amount in controversy just under $65,000. The court, therefore, determines that Defendant has not come forward with evidence to establish that the amount in controversy, including attorney's fees, exceeds $75,000. To conclude otherwise would be no more than conjecture or speculation and would constitute a determination that TruePoint *might* recover more than $75,000, which is not the standard established by the Fifth Circuit. As the court has serious doubts as to whether Unique has carried its burden, these doubts must be strictly construed in favor of remand, and it will order remand of this action to state court.

**Memorandum Opinion and Order – Page 8**

Fourth, Ms. Nickle's Affidavit estimates 30 hours of attorney time for each attorney for a bench trial. Even if the matter proceeds to trial, considering six hours a day for testimony, this would mean a five-day trial, and the issues raised by Plaintiff's Petition simply do not support a trial of this length. Generously, giving Defendant the benefit of the doubt, this at most would be a three-day trial, reducing the hours to 18 hours per attorney, which in turn reduces the fee amount by $6,600 ($3,900 for Ms. Nickle and $2,700 for an associate).

## IV. Conclusion

For the reasons herein set forth, Unique has failed to establish that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. Accordingly, the court **lacks** subject matter jurisdiction over this action and **remands** it to the 116th Judicial District Court of Dallas County, Texas. The court **directs** the clerk of court to effect the remand in accordance with the usual procedure.[2]

**It is so ordered** this 6th day of November, 2019.

Sam A. Lindsay
United States District Judge

---

[2] In remanding this action to state court, the court makes no determination as to the merits of Plaintiff TruePoint Communication, LLC's Motion for Entry of Default Judgment (Doc. 15); or Defendant Unique Beverage Company, LLC's Motion to Set Aside Entry of Default (Doc. 22).

**Memorandum Opinion and Order – Page 9**